# William May *v.* Carbondale Traction Co., Appellant.

*Street railways—Damages to abutting owner—Condition of municipal consent.*

Where a street railway company has received permission to occupy a street on condition that it pays abutting landowners for all the damage done to their property, the company is liable for an injury resulting from cutting down the street about six feet, although the new grade was in accordance with the direction of the city engineer, and was subsequently adopted by an ordinance of councils.

Argued Feb. 27, 1895. Appeal, No. 295, Jan. T., 1895, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1892, No. 232, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass to recover damages for injury caused by cutting down the grade of a street in front of plaintiff's property.

At the trial it appeared that on March 8, 1892, the councils of the city of Carbondale passed an ordinance giving the defendant company permission to construct a street railway on Brooklyn street, on which plaintiff's property is situated. The ordinance provided that the road should be laid on grades to be given by the city of Carbondale. Section first of the ordinance provided as follows: " All damages done to abutters, caused by said grading, to be paid by said company."

A contract was also entered into between the city and defendant, one of the provisions of which is as follows: " The Carbondale Traction Company further agrees to perform and observe each and all the conditions, requirements, and provisions fully set forth in said ordinance heretofore made a part of this agreement."

In constructing their road, defendant cut down the street about six feet in front of plaintiff's property on Brooklyn street.

It appeared that before the work was done a plan of grade of the street had been adopted by the city engineer, and defendant had done the work in accordance with the plan adopted by the city engineer, and under his direction.

In the latter part of the year 1892 it was discovered that no ordinance had been passed adopting the grades fixed by the city engineer. An ordinance was drawn, submitted to the councils, enacted as a law by them, and approved by the mayor in January, 1893. This ordinance adopted the plans which had been previously made by the city engineer, and according to which the streets had been graded under his direction by the defendant.

The ordinance recited the fact that the plans accompanied the ordinance, when, in fact, they did not; but the city engineer testified that he had acted in that capacity for the years '91, '92 and '93, and that he had never made any other plans than those which were offered in evidence.

Defendant offered the ordinance in evidence, with the plans.

The court admitted the ordinance, adopting the plan approved in January, 1893, but refused to admit the plan, because there was no evidence that it accompanied the ordinance at the time it passed the councils and was approved by the mayor. [1]

The court charged in part as follows:

" [Now, then, it is for you to say how much—what has the plaintiff experienced in damages to his property?   As this is a permanent damage to the property, estimates have been received as to what the value of the property was before this was done, and what its value is now, as well as the damage that has been experienced from the change; that is, all the parties have asked these various questions, what was the value before this was changed, and what is the value after, and what they estimated to be the damage.   If any benefit has accrued to the property especially from making this change, of course that has to be taken into consideration, and I might say to you generally, touching upon your experience in such matters, that the proper grading of a street, putting it even, smooth, regular grade, may benefit a property to some degree.   If it benefits as much any property as the damage, then there is no damage at all, because the one meets and cancels the other, but where there is an excess of damage over the benefit, then the. difference between the two would be what we might call the real, the actual damage to the property, and that is what you are to arrive at from the evidence here.   You are to allow the plaintiff just what damage he has actually experienced.] " [4]

The court refused binding instructions for defendant. [3]

Verdict and judgment for plaintiff for $800.   Defendant appealed.

*Errors assigned* were, (1) ruling on evidence; (3, 4) above instructions, quoting them.

*S. B. Price, James E. Burr* with him, for appellant.—Defendant was a contractor, and when the work was accepted by the city the city became liable: First Presbyterian Congregation v. Smith, 163 Pa. 561; McKnight v. Pittsburg, 91 Pa. 273; Dillon on Municipal Corps. sec. 385, p. 380; 1 Am. and Eng. Ency. of Law, 429; 19 Am. & Eng. Ency. of Law, 471, 477;

King v. Phila. Co., 154 Pa. 160; Rafferty v. Cent. Traction Co., 147 Pa. 579; Booth on Street Railways, secs. 82–84; 2 Weimer on R. R. p. 94; Dillon on Municipal Corps. sec. 383, p. 377; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; White v. McKeesport Boro., 101 Pa. 394; Phillips v. Incline Plane Co., 153 Pa. 230; Cleveland & P. R. R. v. Speer, 56 Pa. 325; Allegheny v. M. E. & S. S. Ry. Co., 33 W. N. C. 397; Dillon on Municipal Corps. p. 727, 728, sec. 769; Phila. v. Thomas, 152 Pa. 494; 2 Herman on Estoppel, 1218, sec. 1086; O'Connor v. Pittsburg, 18 Pa. 187; Dunn v. Mellon, 147 Pa. 11.

*I. H. Burns, Everett Warren* with him, for appellee, cited: McKnight v. Pittsburg, 91 Pa. 273; Fuller v. Scranton, 18 W. N. C. 18; Allegheny City v. M. E. & S. Street Ry., 159 Pa. 411; Herman on Estoppel, 156; 1 Herman on Estoppel, 926.

PER CURIAM, April 8, 1895:

One of the provisions of the ordinance giving defendant company permission to construct its road on certain streets in the city of Carbondale, etc., is, in substance, that all damages done by grading in connection with the construction of the road should be paid by the company. The manifest purpose of this was to relieve the city from payment of such damages. In the contract between the city and the company, the latter agrees, among other things, " to perform and observe all the conditions, requirements and provisions fully set forth in said ordinance," which was made part thereof.

The testimony tended to show that in constructing its road, the defendant company cut down Brooklyn street about six feet in front of plaintiff's property and thereby damaged the same, etc. This action was brought to recover the damage thus sustained. The case depended largely on questions of fact, all of which were for the exclusive consideration of the jury; and to them they were fairly submitted by the learned trial judge with instructions which appear to be appropriate and free from any substantial error. It is unnecessary to consider the specifications in detail. There is nothing in any of them that would justify a reversal of the judgment.

Judgment affirmed.